# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

JUDGMENT- WITHOUT ORAL ARGUMENT



Date: March 8, 2005

BEFORE:    Honorable DANIEL A. MANION, Circuit Judge

Honorable MICHAEL S. KANNE, Circuit Judge

Honorable TERENCE T. EVANS, Circuit Judge

No. 04-2192

MICHEAL ROWSER,
        Plaintiff - Appellant

v.

ALLIANT FOODSERVICE INCORPORATED,
        Defendant - Appellee

```
U.S. DISTRICT COURT EAST DIST. WISC.
           FILED
        MAR 3 1 2005
AT_____O'CLOCK_____M
     SOFRON B. NEDILSKY
```

Appeal from the United States District Court for the
Eastern District of Wisconsin
No. 02 C 367, Patricia J. Gorence, Magistrate Judge

      The judgment of the District Court is AFFIRMED, with costs,
in accordance with the decision of this court entered on this date.

(1060-110393)

**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted March 8, 2005[*]
Decided March 8, 2005

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERRENCE T. EVANS, *Circuit Judge*

No. 04-2192

| | |
|---|---|
| MICHAEL ROWSER,<br>*Plaintiff-Appellant,*<br><br>v.<br><br>ALLIANT FOODSERVICE, INC.,<br>*Defendant-Appellee.* | Appeal from the United States District Court for the Eastern District of Wisconsin<br><br>No. 02-C-367<br><br>Patricia J. Gorence,<br>*Magistrate Judge.* |

### ORDER

Michael Rowser, an African American, was a delivery driver for Alliant Foodservice, Inc. in Menomonee Falls, Wisconsin. In this action he claims that Alliant disciplined him unfairly and maintained a hostile work environment because of his race, and retaliated against him for cooperating with a co-worker's discrimination case and for filing his own grievance with the Equal Rights Division of the Wisconsin Department of Workforce Development. All Rowser alleged, though, is that Alliant charged him with three "preventable accidents" within seven months—grounds for termination under Alliant's accident policy—and suspended

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

him without pay for one day after he received a traffic ticket. He also alleged that managers treated him "like a kid," raising their voices when he ignored their orders. He did not dispute, however, that Alliant never terminated or otherwise disciplined him for the accidents and eventually expunged the charges from his employment file. Moreover, he did not dispute that Alliant later converted his suspension to a written warning, restoring his lost pay.

Alliant moved for summary judgment. Given the absence of direct evidence of discrimination or retaliation, the magistrate judge (presiding by consent under 28 U.S.C. § 636) analyzed Rowser's claims under the indirect method and held that Rowser could not make out a prima facie case. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The magistrate judge reasoned that Rowser lacked evidence of an adverse employment action because neither the charged accidents nor the rescinded suspension amounted to a quantitative or qualitative change in the terms or condition of his employment. *See Haywood v. Lucent Technologies, Inc.*, 323 F.3d 524, 532 (7th Cir. 2003). The court also noted that Rowser produced no evidence that white drivers, or drivers who did not file a grievance, were disciplined less severely than he was. Finally, the magistrate judge concluded that Rowser could not establish that Alliant tolerated a racially hostile work environment just because its managers sometimes yelled at him when he ignored their orders. The court therefore granted Alliant's motion.

In this court Rowser asserts that he did establish a prima facie case of discrimination and retaliation, but the argument section of his brief consists almost entirely of conclusions without record citation or relevant legal authority. For example, in disputing the magistrate judge's determination that evidence of an adverse employment action is lacking, Rowser explains that he received negative job evaluations in connection with the "false chargeable accidents and traffic citation." But he points to no evidence of a negative job evaluation in the record. Moreover, a negative evaluation does not establish adverse action unless accompanied by some tangible job consequence. *Lucas v. Chi. Transit Auth.*, 367 F.3d 714, 731 (7th Cir. 2004). Rowser apparently views the one-day suspension as just such a consequence, but the suspension was rescinded and he ultimately suffered no loss in pay, benefits, or other material harm. Title VII does not provide a remedy for actions that do not materially affect the terms of employment. *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996) ("not everything that makes an employee unhappy is actionable adverse action"). Rowser also continues to insist that Alliant maintained a hostile work environment, but nowhere does he take issue with the magistrate judge's explanation that he cannot prevail simply by showing that his workplace was unpleasant. Only a hellish workplace is actionable. *Wyninger v. New Venture Gear, Inc.*, 361 F.3d 965, 977 (7th Cir. 2004). Rowser does not explain how Alliant made his workplace "hellish." *See McPherson v. City of Waukegan*, 379 F.3d 430, 438 (7th Cir. 2004) (distinguishing actionable hostile

environment from workplace that is "merely unpleasant"); *Baskerville v. Culligan Intern. Co.*, 50 F.3d 428, 430-31 (7th Cir. 1995) (explaining that actionable hostile environment must be more than "merely unpleasant"). His other attempts to identify evidence of an adverse employment action or disparate treatment similarly fail to raise any doubts about the correctness of the magistrate judge's analysis.

Rowser also seeks relief from the court's judgment on the ground that Alliant withheld evidence—photographs showing damage to his truck—that he claims "would have exonerated him of the false pretextual allegations made by Alliant's Management." We are unable to perceive any possible relevance to the pictures given that the accident charges were withdrawn. In any event, if Rowser needed more time to complete discovery, he should have asked in accordance with Fed. R. Civ. P. 56(f). *See Maier v. Lucent Tech. Inc.*, 120 F.3d 730, 735 n. 6 (7th Cir. 1997). If the problem was Alliant's failure to comply with his discovery requests, he should have moved to compel in accordance with Fed R. Civ. P. 37(a). Rowser did neither, and it is too late to do so now. *See DFS Secured Healthcare Receivables Trust v. Caregivers Great Lakes, Inc.*, 384 F.3d 338, 349 (7th Cir. 2004).

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　AFFIRMED.